**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Lloyd BROWN, Defendant-Appellant.**

No. 81-2157.

United States Court of Appeals, Fifth Circuit.

April 29, 1982.

W. V. Dunnam, Jr., Waco, Tex., for defendant-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, GEE and GARWOOD, Circuit Judges.

GEE, Circuit Judge:

Appellant, convicted on two counts of making a false statement to a federally insured bank for the purpose of influencing its actions, appeals, asserting insufficiency of the evidence to support his convictions and other points. Because we agree that the evidence is insufficient in a crucial respect, we need not reach the latter contentions.

---

8. *Compare* 6–Part 2 *Moore's Federal Practice* ¶ 56.15(6) at 56–606 (2d ed. 1980).

The facts are not complex. On November 8, 1976, appellant Brown borrowed $25,-000.00 from a federally insured bank in Robstown, Texas. In connection with this loan, he presented a financial statement that, as he does not seriously dispute, misrepresented his financial situation in two significant respects. By telephone, on three subsequent occasions in February and March following, he requested and received substantial additional loans but made no renewed representations regarding his financial condition or the accuracy of the statement. He was convicted on Counts II and IV, charges stemming from the making of the first and third of these subsequent loans. The indictments on these charges do not differ, except as to dates, and Count II reads as follows:

> That on or about February 7, 1977, within the Corpus Christi Division of the Southern District of Texas, and within the jurisdiction of this Court, JOE LLOYD BROWN, JR., knowingly did make a materially false statement in an application for a loan submitted by JOE LLOYD BROWN, JR., on said date to the bank of Robstown, Robstown, Texas, a FDIC federally insured bank, for the purpose of influencing the action of said bank to approve said loan, in that JOE LLOYD BROWN, JR., stated and represented in said application, in a statement of assets and liabilities, made a part of said application, that he was on November 1, 1976, Vice President of Austin Shopping Center Inc. and that he owned twenty-five percent (25%) of the common stock of the said Austin Shopping Center Inc. having an estimated value of Two Hundred Fifty-Thousand Dollars ($250,-000), when in truth and fact, as JOE LLOYD BROWN, JR., well knew on No-

vember 1, 1976, and February 7, 1977, he, the said JOE LLOYD BROWN, JR., was not Vice President of Austin Shopping Center Inc., and he did not own any stock in said Austin Shopping Center, Inc.[1] (Violation: Title 18, United States Code, Section 1014)

It is patent from what we have said that the United States does not contend, nor does the record evidence establish, that the acts charged in the italicized portion of the indictment actually and literally took place. Brown made no actual false statement whatever in his loan application to the bank made on February 7, 1977. His only false statements had been made three months earlier, in connection with securing another loan.[2]

The United States argues, however, that "[e]ven if the appellant did not submit a false financial statement with the intention of influencing the bank regarding the *first* loan, the jury was entitled to find [1] that the appellant submitted the [earlier] false statement for the purpose of influencing the bank regarding *later* loans, and [2] that the appellant implicitly incorporated the false financial statement in later loan applications by his failure to apprise the bank of his true condition on those later dates."

We discern two arguments here and have set each off by brackets in the quoted text from the government's brief. The first, that the jury might have found that Brown's false statement was made on November 8 with an intent to influence later loans, cannot carry: the sole count in the indictment alleging a false statement *made on November 8* is Count I, of which Brown was acquitted. The second is that when Brown orally requested loans in February and March he "implicitly incorporated" the

---

1. Emphasis added.

2. This first transaction formed the basis for Count I of the indictment, which took the same general form as that of Count II quoted in text and read, in part pertinent here:

   "That on or about November 8, 1976, . . . [JOE LLOYD BROWN, JR.] knowingly did make a materially false statement in an application for a loan submitted on said date . . . for the purpose of influencing the action of said

bank to approve *said* loan . . . ." (emphasis added).

Brown was acquitted of this charge, perhaps because—as the United States suggests—the jury believed his testimony that the loan officer had agreed to make the November 8 loan before Brown submitted the false financial statement, so that it did not influence that transaction.

statement he had submitted in November. However, the record reveals neither evidence of any direct reference to the earlier financial statement nor even that of any indirect or implicit reference to it.[3] To be sure, a false statement may be made by implication; however, we are unwilling to hold that merely orally requesting a loan of and by itself constitutes incorporating a three-month-old written financial statement given in November of a prior calendar year. There is no evidence of anything else here. Section 1014 denounces whoever "makes any false statement"; it does not denounce applying for a loan fraudulently. *Compare* 18 U.S.C. § 1027 (". . . knowingly conceals, covers up or fails to disclose . . ."); 18 U.S.C. § 1001 ("conceals or covers up"); 18 U.S.C. § 1025 ("by any fraud, or false pretense"). We therefore reject the notion that by merely requesting a loan one may be found to have implicitly incorporated a given earlier misrepresentation made in connection with the request for another and different one.

It would be with great misgivings that we would advance onto the slippery slope presented by countenancing a criminal conviction based on bygone misrepresentations made on another occasion and reposing in a customer's file. Especially is this so when all questions of the backing of the law's sanction for the loans of February 7, and March 2, 1977, could have been foreclosed by simple demands by the bank officer for current information. Since the record evidence does not support it, the judgment of conviction is

REVERSED.

---

**3.** *I.e.*, no evidence such as "I asked him, 'Joe, are things with you substantially like they were in November,' and he said, 'Sure,' " or, "I said, 'Any changes in your picture?' and he said, 'Only for the better,' " etc.