**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carl F. WARNICK,**
**Defendant-Appellant.**

No. 86–1802.

United States Court of Appeals,
Tenth Circuit.

April 6, 1987.

---

Randall Gaither, Salt Lake City, Utah, for defendant-appellant.

Richard N. Lambert, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before HOLLOWAY and SEYMOUR, Circuit Judges, and SAFFELS, District Judge.*

SAFFELS, District Judge.

Defendant Carl F. Warnick entered a conditional guilty plea to a charge of knowingly and willfully making a false statement and reporting and overvaluing property and security for the purpose of influencing a federally-insured bank in violation of Title 18 U.S.C. § 1014 (Supp.1982). His plea reserved the right to appeal the denial of a motion to dismiss based on statute of limitations grounds pursuant to Title 18 U.S.C. § 3282 (1979).

On appeal, defendant asserts that the district court erred in denying defendant's motion to dismiss the indictment, which charged a criminal offense for making a false statement to influence a bank to obtain an extension of a loan. Defendant argues that any criminal offense for the false statements, made at the time of the original loan, was barred by the statute of limitations. Essentially, defendant asserts that the making of the original loan and the subsequent extension of that loan constituted one transaction.

We agree with the district court that the transaction on October 17, 1980, constituted a separate loan transaction and a separate chargeable offense. The original loan was executed on August 19, 1980, and became due and payable on October 17, 1980. The Agreement to Amend by Modification or Extension of the original loan was executed on October 17, 1980. The extension created a new obligation at a higher rate of interest. We find significant the fact that as part of the documentation for the extension, the bank relied on a previously executed financial statement and equipment list submitted at the time of the original loan transaction. The earlier executed documents were attached to the extension application.

The language of the Agreement to Amend by Modification or Extension supports the district court's finding that the transaction for extension on October 17, 1980, constituted a separate loan transaction. The disclosure statement to the Agreement to Amend by Modification or Extension clearly provides at paragraph 11: "This loan is secured by accounts and amounts owed by Bank in any capacity to Borrower and is secured by those security interests created or existing and securing the obligation referred to in Item 1 above, which security agreements are hereby *republished....*" *Id.* (emphasis added). We find that the act of republishing the earlier financial statement and equipment list did constitute a separate and distinct violation of 18 U.S.C. § 1013. We note that the defendant does not assert that he did not read nor know what he was signing at the time of the extension. The record further indicates that the prior security agreement and the list of equipment was physically affixed to the October 17, 1980, Agreement to Amend by Modification or Extension.

Title 18 U.S.C. § 1014 (Supp.1982) specifically provides that it is a crime to make:

any false statement, or report, or willfully overvalue any land, property or security, ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise....

*Id.* The statute makes clear that the false statement need not be an "application" in and of itself. *United States v. Zwego*, 657 F.2d 248, 250 (10th Cir.1981), *cert. denied*, 455 U.S. 919, 102 S.Ct. 1275, 71 L.Ed.2d 460 (1982).

We find that the Fifth Circuit's decision in *United States v. Brown*, 674 F.2d 436 (5th Cir.1982), can be distinguished from the facts at hand. In *Brown*, the court found that in the absence of a record revealing any direct reference to an earlier executed financial statement, or even an indirect or implicit reference to it, one may not be held liable for making a false statement in the extension of the original loan. In this case, unlike *Brown*, the defendant

---

* The Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

sought an extension of an original loan and did so by "republishing" the false security agreement and false list of equipment.

We agree with the district court that the defendant's act of signing the Agreement to Amend by Modification or Extension, in which he republished his earlier false security agreement and list of equipment, constituted a new and separate offense under 18 U.S.C. § 1014. Accordingly, we agree that the district court properly found that the statute of limitations on the extension transaction did not begin to run until October 17, 1980. The indictment which was returned on October 16, 1985, was therefore timely.

AFFIRMED.