UNITED STATES of America, Plaintiff–Appellee,

v.

Michael P. KNOTT, Defendant–Appellant.

No. 90–5767.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 1, 1990.

Decided March 4, 1991.

As Amended March 11, 1991.

Richard Butchok, Baltimore, Md., argued, for defendant-appellant.

Larry David Adams, Asst. U.S. Atty., argued (Breckinridge L. Willcox, U.S. Atty., on brief), Baltimore, Md., for plaintiff-appellee.

Before HALL and MURNAGHAN, Circuit Judges, and CACHERIS, District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Michael P. Knott appeals his conviction for knowingly and willfully making false statements in a loan application to a federal savings and loan association. Finding no error, we affirm.

## I.

Knott was a construction contractor. Prior to 1982, he incorporated MPK Mechanical, Inc., which he sold to two of its employees in February 1982. The new owners subsequently formed B & G, Inc., in which Knott had no role. In November 1982, Knott formed M. Knott Builders and Contractors, Inc., to build homes. M. Knott Builders subcontracted out all of its work. By the end of 1983, M. Knott Builders was doing well, but it was suffering a cash flow shortage because of its rapid expansion.

In January 1984, Knott met Robert Connelly at a home builders meeting in Texas. Connelly worked for Norwest Mortgage Company in Baltimore as a loan officer. In March, Connelly and Knott met in Baltimore to arrange financing for Knott. Connelly secured information from Knott on Knott's income sources and cash flow projections. The evidence at trial indicated that Connelly wrote out the information, and it was later typed onto a residential loan application by an employee. A loan processor verified[1] Knott's information and ordered a credit report in March before submitting the "package" to Atlantic Federal Savings and Loan for approval. A vice-president of Atlantic Federal testified that Norwest was its agent for originating loans and that Atlantic Federal did not verify the information supplied in the loan application. However, before the end of March, Connelly told appellant that his loan had been approved.

Included in Knott's application were false statements made during his original loan interview that he was a salaried employee of B & G, earning $62,000 as a general manager, and that he had been so employed for three and one-half years. Knott signed the loan application at the May 22, 1984, settlement, and the application was back-dated to May 3, 1984. He received approximately $82,000 at settlement. A statement located just below the applicant's signature line cautions the borrower that any false statement is a violation of 18 U.S.C. § 1014 and prosecutable as a federal crime.

Over the next five months, Knott's business foundered. Knott stopped paying his residential mortgage, which had been refinanced as part of his loan transaction with Atlantic Federal, and he filed for bankruptcy in October 1984. For more than a year, Atlantic Federal could not find him.

Knott was indicted in the District of Maryland on April 19, 1989, for knowingly and willfully making false statements in an application for credit to a savings and loan institution, in violation of 18 U.S.C. § 1014 (1988).[2] The court denied a pre-trial motion to dismiss based on the statute of limitations. (18 U.S.C. § 3282 (1988)).[3] Following trial, the court also denied a motion for judgment of acquittal based on its finding that the application was made on May 3, 1984, less than five years before the April 19, 1989 indictment. This appeal followed.

## II.

Appellant argues that the violation occurred in March 1984 when the false infor-

---

1. The loan processor testified that she did not actually evaluate the information. Instead, she merely sent verification forms to all employers and credit references listed by the applicant and assured that all forms were returned to her. After all of the sources returned the completed forms to her, she submitted the "package" to the underwriter for approval.

2. Section 1014 proscribes "knowingly mak[ing] any false statement ... for the purpose of influencing in any way the action of ... a Federal

Savings and Loan Association ... upon any application ... or loan, or any change or extension of any of the same...."

3. Title 18 U.S.C. § 3282 (1988) provides: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

mation was submitted to Connelly, and therefore the crime occurred outside the 5-year statute of limitations.[4] It may be true that appellant supplied information during March and that most of the loan processing had occurred before the end of the month. It may also be true that the false employment statements, having previously been transcribed from another form, were already on the loan application when appellant signed it. In any event, appellant does not contest that he signed the loan application in May 1984, or that he signed the loan application as part of the process of securing the loan.

Appellant contests, however, that he made the false statements in May because someone else put them on the loan application, which he merely signed at the request of the closing agent. Clearly, the false statements were ratified by his signature within the five-year statute of limitations period. *See, e.g., United States v. Warnick,* 815 F.2d 1341 (10th Cir.1987). Therefore, appellant was properly convicted of making false statements in the loan application, which he signed in May 1984.

*United States v. Hare,* 618 F.2d 1085, 1087 (4th Cir.1980), held "that federal statutes of limitations should be applied strictly in order to further the congressional policy favoring repose." We do not consider the application of the statute of limitations in this case to be contrary. We affirm the district court's judgment of conviction.[5]

AFFIRMED.

---

**4.** Appellant relies on *United States v. Ruehrup,* 333 F.2d 641 (7th Cir.), *cert. denied,* 379 U.S. 903, 85 S.Ct. 194, 13 L.Ed.2d 177 (1964), and *Reass v. United States,* 99 F.2d 752 (4th Cir. 1938), for the propositions that signing a loan application is not a violation of the statute, and that a false statement is actually "made" at the time it is received by the lender. *Ruehrup* involved proper venue where false statements were prepared in Illinois and mailed to a bank in Missouri. There was no subsequent signing of the false statements after receipt by the bank, and the offense was considered complete upon receipt by the bank.

*Reass* also involved venue. The *Reass* court held that venue was proper in the jurisdiction where a loan application containing false statements was personally delivered to the bank by the defendant, although it was completed in another jurisdiction and may have actually been signed there. We find *Ruehrup* and *Reass* to be distinguishable on their facts.

**5.** Appellant also appealed the district court's admission of evidence that he withdrew $75,000 from the bank five months after securing the subject loan. We find no abuse of discretion in admitting this evidence.